# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

| | |
|---|---|
| ERIK LAMONT GREEN,<br><br>                    Petitioner,<br><br>vs.<br><br>STEVEN PELESKY,<br><br>                    Respondent. | )<br>)<br>)  Civil Action No. 2:25-cv-01595<br>)<br>)  United States Magistrate Judge<br>)  Christopher B. Brown<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION[1]

**Christopher B. Brown, United States Magistrate Judge**

Petitioner, Erik Lamont Green, brings this habeas petition under 28 U.S.C. § 2241 challenging his pretrial detention in *Commonwealth v. Green*, No. CP-65-CR-0001436-2025 (C.C.P. Westmoreland Cnty). ECF No. 4. Because Green pled guilty on February 23, 2026 and was sentenced to a period of incarceration, the petition will dismissed as moot. To the extent one is necessary, a certificate of appealability will be denied.

The Court will likewise deny the related motions at ECF Nos. 11, 12, 17, 18, 21, 22, 25 and 26 as moot.

---

[1]      The parties have consented to the jurisdiction of a United States Magistrate Judge. ECF Nos. 20 and 23.

## I.    Relevant Factual and Procedural Background

On April 29, 2025, the Commonwealth charged Green with a number of assault and drug offenses. *Commonwealth v. Green*, No. CP-65-CR-0001436-2025 (C.C.P. Westmoreland Cnty) (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-65-CR-0001436-2025) (last viewed 3/24/2026). The matter was held for court and Green was ordered held without bond. *Id.*

Green initiated this case on October 15, 2025, and at that time, he was a state pre-trial detainee. In the Petition, Green attacks his pretrial detention. ECF No. 4. On February 23, 2026, just four days after the District Attorney responded to Green's federal habeas petition, Green pled guilty to one drug offense and was sentenced that same day to a maximum term of imprisonment of 729 days, with 301 days of credit for time served. *Id.*

## II.    Discussion

For state prisoners, "federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975) (citation omitted). Section 2254 provides a mechanism for federal habeas relief to state prisoners "in custody pursuant to the *judgment* of a State Court[.]" 28 U.S.C. § 2254(a) (emphasis added); *see also Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001) (a state prisoner must generally seek relief through a petition brought pursuant to section 2254 and not via section 2241). In limited circumstances, a petitioner seeking relief before a state judgment has been entered may proceed via the more general habeas statute contained in section 2241. *See* 28 U.S.C. § 2241(c)(3)

(habeas relief available to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States[.]"); *Duran v. Thomas,* 393 F. App'x 3, 4, (3d Cir. 2010) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted).  The court's authority under section 2241 must be exercised sparingly to avoid "pre-trial habeas interference by federal courts in the normal functioning of state criminal processes." *Moore*, 515 F.2d at 445-46.  For example, courts have permitted state prisoners to invoke section 2241 to challenge the legality of their pre-trial confinement where the upcoming trial would violate the petitioner's double jeopardy rights, *see Stow v. Murashige*, 389 F.3d 880, 885-87 (9th Cir. 2004), or where the petitioner is being deprived of the right to a speedy trial. *See Chavis v. Pennsylvania*, 434 F. App'x 50, 51 (3d Cir. 2011).

But a petitioner's conviction and sentence in state court renders moot his section 2241 federal habeas petition challenging pretrial detention.  *See Robinson v. Harper*, Civ. No. 22-1223, 2024 WL 4150433, at *1 (W.D. Pa. Aug. 5, 2024) (collecting cases), *certificate of appealability denied sub. nom. Robinson v. Superintendent Smith SCI*, No. 24-2579, 2024 WL 5415753 (3d Cir. Dec. 5, 2024), and *motion for relief from judgment denied*, No. CV 22-1223, 2025 WL 525056 (W.D. Pa. Feb. 18, 2025).  This is because a matter becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "This case-or-controversy requirement subsists

3

through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, Green filed his section 2241 habeas petition while he was awaiting trial. Since the time of the filing, Green has entered a negotiated plea of guilt and was sentenced. The present petition has thus become moot and will be dismissed without prejudice to the filing of any future section 2254 petition concerning his state-court judgment after Green exhausts all state court remedies. *See Rice v. State of Pennsylvania*, Civ. No. 16-767, 2016 WL 3287573, at *5 (E.D. Pa. Apr. 26, 2016) ("Rice's subsequent conviction renders moot his petition for pretrial release and for the dismissal of those charges. We thus conclude that Rice's § 2241 petition should be dismissed in its entirety although without prejudice to the filing of any future § 2254 petition concerning his state court judgment"), *report and recommendation adopted*, Civ. No. 16-767, 2016 WL 3181903 (E.D. Pa. June 8, 2016). To the extent that a certificate of appealability is required, the same will be denied because jurists of reason would not find the foregoing debatable. *See., e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4

## III.    Conclusion

For the reasons above, this case will be dismissed as moot, and a certificate of appealability will be denied.  The related motions at ECF Nos. 11, 12, 17, 18, 21, 22, 25 and 26 also will be denied as moot.  An appropriate order follows.

Date:  March 24th, 2026                    BY THE COURT:


s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge


cc:    ERIK LAMONT GREEN
       1176-2025
       WESTMORELAND COUNTY PRISON
       3000 S. Grande Blvd.
       Greensburg, PA 15601
       (via U.S. First Class Mail)

       James T. Lazar
       Westmoreland County District Attorney's Office
       (via ECF electronic notification)